EDITH V. GRANT & others *vs.* DEPARTMENT OF PUBLIC
UTILITIES & another.

CITY OF BOSTON & another *vs.* SAME.

MAYOR OF SOMERVILLE *vs.* SAME.

Suffolk.    November 2, 1931. — March 31, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Department of Public Utilities. Gas Company. Words,* "Rates, prices
and charges."

There is nothing in G. L. c. 164, § 94, as amended by St. 1927, c. 316,
§ 2, which prohibits a gas company from including in its schedule of
rates, with the approval of the department of public utilities, a service
charge in addition to the charge for gas actually consumed as shown
by meter readings.

THREE PETITIONS, filed in the Supreme Judicial Court
for the county of Suffolk on July 16, 1931, under G. L.
c. 25, § 5, to review certain rulings and orders of the de-
partment of public utilities, as described in the opinion.

The mayors of Waltham and Chelsea were permitted to
intervene as petitioners. The respondents demurred. The
cases were consolidated and came on to be heard before
*Pierce,* J., on the petitions and demurrers. The single
justice reserved them for determination by the full court.

*R. H. Holt,* for Boston Consolidated Gas Company.

*C. F. Lovejoy,* Assistant Attorney General, for Depart-
ment of Public Utilities.

*S. Silverman,* Corporation Counsel, for city of Boston.

*M. J. O'Leary & M. B. Ulin,* (*I. Gordon* with them,) for
Grant and others.

*D. J. Kelley,* City Solicitor, for mayor of Somerville.

*S. E. Wardwell & D. P. Ranney,* for Massachusetts Elec-
tric and Gas Association, by leave of court submitted a
brief as *amici curiae.*

PIERCE, J.    These consolidated proceedings are petitions
to review certain rulings and orders of the department of

public utilities. The three petitions are substantially the same. The cases come before this court upon reservation and report by a single justice of the Supreme Judicial Court and upon demurrers to the petitions.

The facts as they appear in the pleadings are as follows: The Boston Consolidated Gas Company, hereinafter called the Gas Company, on February 28, 1929, filed with the department of public utilities, hereinafter called the department, a schedule of the rates, prices and charges for gas to be sold by it after April 1, 1929. Prior to the filing of said schedule the rate then being charged for ordinary domestic consumption was $1.20 per one thousand cubic feet. The new schedule contained classification number 1, available to all customers, under which the charge was to be fifty cents per month per customer (hereinafter referred to as a service charge) plus ten cents per one hundred cubic feet for the first one hundred thousand cubic feet per month, and eight cents thereafter, with a provision for billing gas consumed at the rate of one cent in excess of the foregoing prices, and a discount of one cent on bills paid within fifteen days from billing. After public hearings were held at which protestants and the company were represented and presented their testimony, the department suspended the taking effect of said schedule of rates and entered an order, on August 7, 1929, with accompanying findings of fact, permitting said schedule to become effective on October 1, 1929. Thereafter, upon petition of the mayor of Boston and certain customers for a rehearing the department entered an order on September 27, 1929, modifying classification number 1 by striking out the provision for billing at one cent per one hundred cubic feet in excess of the schedule prices with the discount for payment within fifteen days from billing, and authorized the schedule as so modified to become effective on October 1, 1929.

On or about December 31, 1930, the Gas Company acquired by consolidation the property and business of the Charlestown Gas and Electric Company, and thereupon commenced supplying the consumers of gas who had formerly been customers of said Charlestown company. On

January 14, 1931, the Gas Company filed with the department a new schedule of rates to become effective February 1, 1931, amending classification number 1 so as to apply to customers within the territory formerly served by the Charlestown company, but not modifying the rate from that previously in effect under said classification number 1. The latter schedule differs from the former schedule in that it contains a provision for a "minimum bill."

On April 7, 1931, the petitioners in the *Grant* case filed with others a petition with the department requesting the commission to revoke its order of September 27, 1929; to declare that portion of the schedule filed January 14, 1931, providing a charge of fifty cents per customer per month illegal, null and void; to require the Gas Company to make an accounting of all money collected under said schedules by virtue of the provision of the service charge; to make an order requiring the Gas Company to pay back to said customers all moneys so received; to enjoin the Gas Company from any further collecting of money by virtue of said service charge under classification number 1; and for such other orders as the commission might determine to be equitable.

At a public hearing before the department held on June 9, 1931, the petitioning customers and the mayors of Boston and Somerville, as intervenors, joined in certain requests for rulings of law, and for the issue of several orders as contained in the customers' petition. On July 1, 1931, the department dismissed the petition, and granted two rulings requested by the petitioners in their supplemental requests for rulings "In so far as these two requests may be material." These requests were as follows: (1) "That the portion of the said two schedules marked 'A' and 'B' which reads as follows: 'Rate: 50¢ per month per customer' has no application to gas consumed as shown by meter reading"; (2) "That the portion of said two schedules marked 'A' and 'B' which reads as follows: 'Rate: 50¢ per month per customer' is in addition to the consumption of gas as shown by meter reading." The department found as a fact that "The cost of reading the meter and mailing and collecting the bills and the record-

ing of the same, together with the interest, taxes, maintenance and depreciation of the service pipe and the meter, amounts to something over fifty cents a month for the average customer."

The petitions to this court are brought under G. L. c. 25, § 5, under which there is jurisdiction in equity in the Supreme Judicial Court "to review, modify, amend or annul any ruling or order of the commission . . . but only to the extent of the unlawfulness of such ruling or order." The prayers of the petitioners are in substance that "this Honorable Court will review, modify, amend or annul said rulings and orders and each of them and will enter a decree" declaring them to be "illegal, null and void." In a word, the petitioners contend that the department has no authority to approve a service charge or any charge not incurred by the amount of gas consumed.

The causes assigned by the department and the gas company for their demurrers represent the contentions of the respondents. These causes are as follows: "1. Said petitions set forth no ruling or order of the commission of the department of public utilities which is unlawful. 2. That the schedules of rates, prices and charges filed by the Boston Consolidated Gas Company as alleged in said petitions are not unlawful. 3. That St. 1927, c. 316, § 2, does not prohibit the respondent Boston Consolidated Gas Company from including in the schedules of its rates, prices and charges filed as therein prescribed, classification number 1 of the schedule filed February 26, 1929, which became effective October 1, 1929, as amended by order of said department of public utilities, dated September 27, 1929. 4. That St. 1927, c. 316, § 2, does not prohibit the Boston Consolidated Gas Company from including in the schedules of its rates, prices and charges classification number 1 of the schedule of rates, prices and charges filed by it January 14, 1931, which became effective February 1, 1931. 5. That if said St. 1927, c. 316, § 2, prohibits the respondent Boston Consolidated Gas Company from including in its schedule of rates, prices and charges, any rate, price or charge which is not entirely based upon the amount of gas consumed

by each customer as shown by meter readings, such statute deprives said respondent of its property without due process of law and denies to it the equal protection of the law in contravention of arts. 10 and 12 of the Declaration of Rights and of the Fourteenth Amendment to the Constitution of the United States, and is void.   6. It appears from the petition that the petitioners have been guilty of such delay, neglect and laches in prosecuting their petitions that they are barred thereby from the relief prayed for."

The pertinent statutes are as follows: G. L. c. 164, § 119, before amendment read: "No charge shall be made by a corporation furnishing electricity for lighting purposes or gas for the use of a meter during any portion of twelve consecutive months, if the consumer during that time uses electricity to the value of nine dollars, or gas to the value of seven dollars, and whoever makes a charge therefor contrary to this section shall be punished by a fine not exceeding one hundred dollars."   This section was amended by St. 1921, c. 404, by inserting at the beginning these words: "Unless approval therefor is secured from the department . . . ."

G. L. c. 164, §§ 93 and 94, before amendment read: (93) "On written complaint of the mayor of a city or the selectmen of a town where a gas or electric company is operated, or of twenty customers thereof, either as to the quality or price of the gas or electricity sold and delivered, the department shall notify said company by leaving at its office a copy of such complaint, and shall thereupon, after notice, give a public hearing to such petitioner and said company, and after said hearing may order any reduction in the price of gas or electricity or an improvement in the quality thereof, and a report of such proceedings and the result thereof shall be included in the report required by section seventy-seven.   The maximum price fixed by such order shall not thereafter be increased by said company except as provided in the following section."   (94) "A gas company furnishing gas under general or special laws or any contract with a town, and a gas or electric company engaged in the sale and delivery of electricity, may apply to the department to fix and determine the price of gas

or electricity to be thereafter sold and delivered by said company, or to revise any former order or action of the department relative to the quality or price thereof. The department shall, after notice, give a public hearing to the petitioner, to the town and to all other persons interested, and thereafter may pass such orders relative to the price and quality of the gas or electricity thereafter to be furnished by said company as it deems just and reasonable. Such orders shall be binding upon all parties until further order of the department." After amendment by St. 1927, c. 316, §§ 1 and 2, they read: (93) "On written complaint of the mayor of a city or the selectmen of a town where a gas or electric company is operated, or of twenty customers thereof, either as to the quality or price of the gas or electricity sold and delivered, the department shall notify said company by leaving at its office a copy of such complaint, and shall thereupon, after notice, give a public hearing to such petitioner and said company, and after said hearing may order any reduction or change in the price or prices of gas or electricity or an improvement in the quality thereof, and a report of such proceedings and the result thereof shall be included in the report required by section seventy-seven. Such an order may likewise be made by the department, after notice and hearing as aforesaid, upon its own motion. The price or prices fixed by any such order shall not thereafter be changed by said company except as provided in section ninety-four." (94) "Gas and electric companies shall file with the department schedules, in such form as the department shall from time to time prescribe, showing all rates, prices and charges to be thereafter charged or collected within the commonwealth for the sale and distribution of gas or electricity, together with all forms of contracts thereafter to be used in connection therewith. Rates, prices and charges in such a schedule may, from time to time, be changed by any such company by filing a schedule setting forth the changed rates, prices and charges, but until the effective date of any such change no different rate, price or charge shall be charged, received or collected by the company filing such a schedule from

those specified in the schedule then in effect; provided, that a company may continue to charge, receive and collect rates, prices and charges in accordance with a contract heretofore lawfully entered into, or, until the department otherwise orders, after notice to the company and a hearing and determination that public interest so requires, may sell and distribute gas or electricity under a special contract hereafter made at rates or prices differing from those contained in a schedule in effect, providing a copy of the contract in each instance is filed with the department, except that a contract of a company whose sole business in the commonwealth is the supply of electricity in bulk need not be filed except as may be required by the department. Unless the department otherwise authorizes, the rates, prices and charges set forth in such a schedule shall not become effective until the first day of the month next after the expiration of fourteen days from the filing thereof. Such rates, prices and charges shall apply to the consumption shown by meter readings made after the effective date of such rates, prices and charges, unless the department otherwise orders. So much of said schedules shall be printed in such form and distributed and published in such manner as the department may require. The department may investigate the propriety of any proposed rate, price or charge and may, pending such investigation and decision thereon, by order served upon the company affected thereby, suspend the taking effect thereof, but not for a period longer than six months beyond the time when such rate, price or charge would otherwise become effective. An order by the department directing a change in any schedule filed shall have the same effect as if a schedule with such changes were filed by the company, and shall become effective from such time as the department shall order. The department may, upon its own initiative, where a company has been serving the consumer for more than three years under a special contract or contracts, after notice and a hearing, make such orders relative to the rates, prices and charges covered by such a contract as it deems the public interest requires. Any order made under the provisions of this sec-

tion or of section ninety-three may be enforced as provided in section seventy-nine.   This section shall not apply to contracts for the sale of electricity to an electric company made in accordance with the provisions of section ninety-four A except as therein provided."

An examination of the legislative history of the sections under consideration is important as an aid in their interpretation.   In 1920 the Legislature, by Res. 1920, c. 26, directed the department of public utilities "to investigate the expediency of a service charge by gas and electric light companies" doing business in this Commonwealth. Pursuant to the resolve, the department made a report, pointing out that G. L. c. 164, § 119, as it had been construed by the department, prohibited any service charge "which in any twelve months would require a customer who during that period uses more than seven dollars' worth of gas or nine dollars' worth of electricity at the established rates to pay more than the maximum rate or price for the same," and expressed the opinion that the "section so interpreted is an effectual bar to the introduction of service charges in gas rates or in sales of electricity for lighting purposes."   The department recommended the enactment of a bill which provided for the repeal of § 119 of G. L. c. 164 and the amendment of § 93 by adding the words, "and may pass such other orders relative to the rates for and service rendered by said company as it deems just and reasonable."   The Legislature did not adopt this bill but in substitution therefor enacted St. 1921, c. 404, as an amendment to § 119, by inserting before the commencement of the section the words, "Unless approval therefor is secured from the department."

On January 17, 1927, the House of Representatives adopted an order requiring the department to "tabulate the maximum or lighting rates now charged by the several gas and electric companies and municipal plants serving communities within the Commonwealth; and that the department consider whether, taking into account present earnings and any other pertinent factors, reductions in rates, with particular reference to the maximum or lighting

rates, may now be reasonably requested, and what additional legislation, if any, is required to enable the department to review and modify any such rates which appear to be excessive; and that the department file a report of its findings and recommendations on said matters, together with any further recommendations it may care to make with reference to the present rates charged by said companies for lighting, with the Clerk of the House of Representatives not later than February 15, 1927." Pursuant to this order the department filed its report. This report also contains a recommendation that the department be given fuller jurisdiction over rates, and formulated a statute for this purpose substantially similar to St. 1927, c. 316, as adopted. Respecting this statute the petitioners contend that the Legislature inserted "a provision that had not been recommended by the department, and [thereby] reaffirmed the legislative policy to prohibit the imposition of certain charges on the consumer." The insertion thus referred to provided: "Unless the department otherwise authorizes, the rates, prices and charges set forth in such a schedule shall not become effective until the first day of the month next after the expiration of fourteen days from the filing thereof. Such rates, prices and charges shall apply to the consumption shown by meter readings made after the effective date of such rates, prices and charges, unless the department otherwise orders." The petitioners further contend that G. L. c. 164, § 115, which restricts the powers of gas companies with reference to rates, has not been changed by the Legislature, and "still requires that meters for measuring gas shall register the quantity of gas passing through the meter in cubic feet, so that the number of cubic feet consumed may easily be ascertained by the consumer, and that no meter shall be used which may confuse or deceive the consumer in ascertaining the price he pays per one thousand cubic feet or the number of cubic feet consumed."

The respondents contend that nothing "in the report of the commission contains any reference to a service charge"; that G. L. c. 164, § 94, as amended, does not prohibit a

service charge; that the general purpose of the Legislature as shown by said amended section is "to vest full authority in the commission over all rates, prices and charges of gas and electric companies"; and they ask this court to note that "Prior to this amendment, there was no statute requiring the filing of schedules of rates by gas or electric companies, nor any jurisdiction in the department except over the maximum rate charged by such companies. Furthermore, a gas company whose rate had not been fixed by order of the department could change its maximum rate without any order, subject to the right provided by G. L. c. 164, § 93, of the mayor, or selectmen, or twenty customers to file a complaint."

The respondents first draw the attention of the court to the comprehensive form of § 94, as amended by St. 1927, c. 316, § 2, particularly to the fact that it requires all gas and electric companies to file with the department "all rates, prices and charges to be thereafter charged or collected . . . for the sale and distribution of gas or electricity, together with all forms of contracts thereafter to be used in connection therewith"; and prohibits the charging of any rates different from those in the schedules on file; and that it further provides that upon the filing of a schedule it shall not become effective "until the first day of the month next after the expiration of fourteen days from the filing thereof." The petitioners, however, contend that St. 1927, c. 316, § 2, prohibits the approval of any charge not measured by consumption as shown by the meter readings.

The statute last referred to contains the provision that "The department may investigate the propriety of any proposed rate, price or charge and may, pending such investigation and decision thereon, by order served upon the company affected thereby, suspend the taking effect thereof, but not for a period longer than six months beyond the time when such rate, price or charge would otherwise become effective." When the Legislature passed this statute it had before it a report of the department, together with a bill amending §§ 93 and 94 of G. L. c. 164. The said re-

port tabulated the rates of the various companies and showed that six companies then had service charges in effect. It is plain the Legislature was familiar with service charges, the report of the department having discussed the expediency. It is manifest that the Legislature in said enactment used the words "rates, prices and charges" as contradistinguished from the single word "price" used in former enactments relating to the same subject matter, and, as above indicated, gave the department authority to investigate the "propriety" of "any" proposed rate, price or "charge." St. 1927, c. 316, §§ 1 and 2, amending G. L. c. 164, §§ 93 and 94, is entitled "An Act further extending public control and supervision in respect to the rates, charges, forms of contract and quality of product of gas, electric and water companies." Irrespective of the facts otherwise disclosed in the record, this title is a declaration of legislative purpose to extend public control and supervision in respect to the rates, prices and charges upon the department of public utilities, with authority to approve a service charge. The contention of the petitioners that this section restricts and confines the department in its allowance of schedules of rates, prices and charges to the rates, prices and charges applicable to the consumption of gas shown by the amount registered on the meter itself, is met by the practical consideration of the impossibility or impracticability of reading all meters on the effective date of the new schedule, and by the fact that the reference to "consumption" is purely incidental to the matter of meter reading. Consequently, the sentence was inserted that unless the department otherwise orders the new rates shall apply to consumption shown by meter readings. In other words, the sentence has to do with time when the rates apply and not to what they are applied.

A consideration of all the facts and the statutes quoted leads to the conclusion that there is nothing in said § 94 which in any way prohibits a gas or electric company from including a service charge as an element in its rate schedule. We find no ruling or order of the department unlawful.

*Petitions dismissed.*